[Docket No. 10 & 12]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| MIGUEL DURAN and MICHELE BAXTER, | : | |
| | : | Civil Action No. |
| Plaintiffs, | : | 14-4120 (RMB/AMD) |
| | : | |
| v. | : | |
| | : | **MEMORANDUM ORDER** |
| THE WELFARE REFORM ACT CONGRESS, | : | |
| et al., | : | |
| Defendants. | : | |
| | : | |

**BUMB**, United States District Judge:

Plaintiff Miguel Duran, an experienced pro se litigant, and Plaintiff Michele Baxter (the "Plaintiffs") initiated this civil action against numerous Defendants with the filing of a complaint received on June 27, 2014. [Docket No. 1].  Plaintiffs then filed an Amended Complaint on July 8, 2014. [Docket No. 2]. In conjunction with their filings, Plaintiffs sought leave to proceed without prepayment of fees and submitted an Application to Proceed in District Court Without Prepaying Fees or Costs, which established that they lack the financial ability to pay the filing fee. [Docket No. 1-1]. Based on Plaintiffs' affidavit of indigence, the Court granted the application pursuant to 28

1

U.S.C. § 1915(a) and ordered the Clerk of the Court to open this matter and file the Amended Complaint.

Then, pursuant to 28 U.S.C. § 1915(e)(2), the Court preliminarily screened the Amended Complaint as required and found that Plaintiffs' allegations constituted conclusory statements that failed to meet the minimal standards of Rule 8(a).

Rule 8(a) requires that a complaint contain:

(1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Ultimately, this Court found that it could not make an informed assessment of Plaintiffs' facts and that it was also often unclear against whom the allegations are made; many of the allegations contained in Plaintiffs' Amended Complaint were completely unsupported by factual averments related to the Plaintiffs. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("conclusory or 'bare-bones' allegations [are insufficient]: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

2

suffice.' [Plaintiff must] set out 'sufficient factual matter' to show that the claim is facially plausible")(quoting Iqbal, 556 U.S. at 678)).

In light of these findings, this Court dismissed Plaintiffs' claims without prejudice and with leave to amend within 20 days of the Court's Order. [Doc. No. 3]. This Court stressed, however, that Plaintiffs should not misconstrue such leave to amend as dispensing with their obligation to state the actual facts of the alleged wrongs they suffered, if any, and to identify the actual wrongdoers, if any, personally implicated in those wrongs. Cf. In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 276-77 (3d Cir.2006) (a plaintiff must assert all the essential factual background that would accompany "'the first paragraph of any newspaper story' — that is, the 'who, what, when, where and how' of the events at issue") (citations omitted).  The Court also cautioned that "Plaintiffs' generic references to various Defendants shall not be repeated in the amended pleading, since such references cannot sustain a viable claim." Doc. No. 3 at 9.[1]

_____

[1] "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Solan v. Ranck, 326 F. App'x 97, 100-01 (3d Cir. 2009), cert. denied, 558 U.S. 884, 130 S. Ct. 205, 175 L. Ed. 2d 142 (2009) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.

Following this Order, Plaintiff, Miguel Duran ("Duran"), filed a letter with this Court asking that it "dismiss [t]his matter as [m]ay this Court deem [j]ust and proper." [Docket No. 5]. In response, this Court noted that only Duran had made the request without Michele Baxter. [Docket No. 6]. Therefore, this Court dismissed the matter but gave Michele Baxter the opportunity to object. No such objection was filed and the matter was terminated per the request on September 15, 2014.

Over two months later, Duran filed a letter seeking to submit the "third amend [sic] of Complaint." [Doc. No. 7]. This letter contains 36 pages making various unexplained statements such as that Duran was seeking "an Injunction declaratory relief to remove the Plaintiff from the State of New Jersey with his Daughter to safety reasons after 11/14/2014." Id. at 1. Duran further states that the materials attached to his letter demonstrate, inter alia, "stage accident could off [sic] been killed" and "Plaintiff was taken to a Jewish home with the intentions to be harm threat or killed . . . ." Id.

Following that submission, Duran filed a 47 page Motion to Reopen and "Third Amendment of Complaint" [Doc. No. 8]. Docket No. 8 also seeks to bring "Injunction Declaratory Relief" and

---

1988)(internal quotations omitted)).

"Emergency Removal."  This document purports to bring suit against over 65 separate Defendants, many of whom are referred to as "unknown," and the Complaint contains allegations against both the power company and the post office for "misconduct."  It otherwise continues in a rambling and incomprehensible fashion about other alleged issues, such as Duran's contention that he was being tracked with a GPS device.

Duran then submitted Docket No. 9, which purports to seek "injunctive relief" for potential retaliation and "TRO . . . Emergency Removal Life and Death."  Duran claims his life is in danger as "this litigation might bring parties to retaliate . . . . ."  Id. at 2.  In support of this application, Duran makes statements similar to the following,

> all encounters has been with white American Caucasian Plaintiff claims that Gang members as Hell angels white supremacy and Black African American who were sent to threat and harm the Plaintiff, Plaintiff claims that people with colorful tattoos has been following him and his fiancé and after 11/14/2014 the Court must acted within there [sic] jurisdiction and authority and grant the Injunction relief to remove the Plaintiff and his family from the State of New Jersey.[2]

Doc. No. 9 at ¶ 31.

Duran's next submission fares no better.  In Docket No. 10, a 49 page, prolix submission, Duran mentions issues pertaining

---

[2] All errors in quotations from Plaintiffs are contained in the originals.

to a case before the Honorable Jerome Simandle.  These
allegations pertain to what Duran contends was a "malicious"
settlement involving his previous claims against the Atlantic
County Justice Facility in Civil Docket No. 07-5994 (JBS).  As
far as this Court can divine from this filing, Duran recounts
much of the allegations underlying the matter assigned to Judge
Simandle.[3]  Allegations against the Atlantic City Electric
Company are also repeated.  See, e.g., Doc. No. 10 at ¶¶ 7-11.
Seemingly unrelated to these allegations are allegations that
the "John Doe" CEO/Director/Supervisor of "New Jersey Blue
Shield Horizon" conspired against Duran.  Id. at p. 28.

    A few weeks later, Duran filed Docket No. 11, a 77 page
submission, which contains a cover-letter stating the following:

> Please accept this letter as an explanation of what's being
> motion filed under Section 18 Section 241, 242 and 249 With
> the Exhibits attach 4 cds that has evidence in the form of
> exhibits we believe that one copy shall be provided to the
> United State District Attorney Office, as the case go along
> the Plaintiff has 1000s of more evidence and witnesses,
> this is just necessary to meet the prongs of 18 Section
> 241, 242 and 249. Thank you for your attention and
> concerns.[4]

Id. at 1.  The cited code sections are from criminal statutes,
and, as this is a civil matter, Duran has no standing to assert

---

[3] These allegations are also identical to those made in Civil
Action No. 14-4125, also before this Court, and are dealt with
in an Order issued on June 29, 2015.
[4] Errors in original.

criminal actions against Defendants in this Court. <u>Ali v. Jersey City Parking Auth.</u>, 2014 U.S. Dist. LEXIS 52547, at *10 (D.N.J. Apr. 16, 2014), aff'd, 2014 U.S. App. LEXIS 23201 (3d Cir. N.J., Dec. 10, 2014).  Again, the list of Defendants in this submission comprises nearly an entire single-spaced page and contains a recitation of a matter in front of Judge Simandle, Civil Docket No. 13-7876.  Many of the allegations contained therein appear repetitive of Docket No. 10 with respect to prior litigations involving the Atlantic County Justice Facility.  The submission also contains seemingly unrelated allegations against the CEO of T-Mobile and T-Mobile's "Law Enforcement Department." <u>Id.</u> at ¶ 11.

Docket No. 12 is entitled "Motion to Reopen" and contains three separate case captions: 14-4120 and 14-4125, assigned to this Court, and 13-7876, assigned to the Honorable Robert Kugler.  Judge Kugler denied the motion to reopen matter No. 13-7876 finding that previously, Plaintiff Baxter had filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a), and, as such, the appropriate procedure "is to require her to file a new civil action rather than reopen an action that was deemed voluntarily dismissed." <u>See</u> <u>Great Am. Ins. Co. of N.Y. v. Day</u>, No. 12-2295, 2013 WL 254563, at *1 (D. Md. Jan. 22, 2013). . . ."  Civil Docket No. 13-7876, Doc. No. 8

at 3.    Judge Kugler also cautioned Baxter that, in filing a new claim, she must "comply with the requisite joinder rules outline above [Fed. R. Civ. P. 18 and 20] as she cannot simply 'lump' unrelated claims together in one action." Id. at 5.

Duran's next two filings, Docket Nos. 13 & 14, are entitled "Application to amend amendment of complaint" and total 107 and 119 pages respectively; while not identical, these submissions overlap significantly.  Again, Duran provides a single-spaced list of Defendants nearly two pages long and reiterates his rambling, laundry-list of disparate complaints against a wide variety of individuals and institutions including the Chief Judge of this Court, the Honorable Jerome Simandle.

To the extent that Duran's submissions can be deemed a motion to reopen, this Court agrees with the reasoning set forth in Judge Kugler's Opinion; after being provided an ample opportunity to amend the complaint, Plaintiffs chose to voluntarily dismiss the action pursuant to Rule 41, rendering a motion to reopen inappropriate.  Even viewing Duran's proposed amended complaints as procedurally proper, this Court nevertheless finds that they fail to meet the requirements of Rule 8 and, therefore, they must be dismissed under 28 U.S.C. § 1915(e)(2).

All of the above submissions by Duran appear to string

together various unrelated complaints and it remains unclear
what the bases are for many of the allegations and who, exactly,
those allegations are asserted against.  This Court has
previously made clear that Plaintiffs needed to remain mindful
that leave to amend did not dispense with the "obligation to
state the actual facts of the alleged wrongs they suffered, if
any, and to identify the actual wrongdoers, if any, personally
implicated in those wrongs."  Doc. No. 3 at 8.  The Plaintiffs
have failed to heed this warning and have continued to submit
nearly incomprehensible materials to this Court.

     In light of the above, this Court will deny the pending
motion to amend/correct the amended complaint [Docket No. 10]
and reopen [Docket No. 12] without prejudice.  Melnick v.
Krochta, 2014 U.S. Dist. LEXIS 104469, at *3 (E.D. Pa. July 31,
2014)("dismissal under Rule 8 is proper when a complaint leaves
the defendants 'having to guess what of the many things
discussed constituted [a cause of action];' or when the
complaint is so rambling and unclear as to defy response.")
(quoting Binsack v. Lackawanna Cty. Prison, 438 F. App'x 158,
160 (3d Cir. 2011)); see Rhett v. New Jersey State Superior
Court, 260 F. App'x 513, 515-16 (3d Cir. 2008)(upholding
dismissal of rambling and unintelligible allegations against
"almost twenty seemingly disparate defendants.").  Plaintiffs

9

shall have a final opportunity to comply with this Court's directives and submit a proposed amended complaint within twenty-one (21) days of this Opinion that conforms with the dictates of Rule 8.  More specifically, the amended complaint shall consist of no more than five (5) double-spaced pages and shall state, in separately numbered paragraphs, the claim(s) alleged with supporting facts against each specific Defendant. If Plaintiffs are unable to comply with this Order, they shall set forth their reasons in no more than two (2), double-spaced pages.

ACCORDINGLY IT IS HEREBY this **30th day** of **June 2015**,

**ORDERED** that the pending motion to amend/correct the amended complaint [Docket No. 10] is **DENIED**; and it is further

**ORDERED** that the motion to reopen [Docket No. 12] is **DENIED**; and it is further

**ORDERED** that Plaintiffs shall have the opportunity to submit a proposed amended complaint within twenty-one (21) days of this Opinion and Order that conforms to the parameters set forth herein.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge