NOT FOR PUBLICATION [Docket No. 17]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MIGUEL DURAN and MICHELE BAXTER, | |
| Plaintiffs, | Civil No. 14-4120 (RMB/AMD) |
| v. | **OPINION** |
| THE WELFARE REFORM ACT CONGRESS, et al., | |
| Defendants. | |

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the Motion for Leave to File an Amended Complaint filed by Plaintiffs Miguel Duran and Michele Baxter [Docket No. 17].  For the following reasons, the motion is denied with prejudice.

I.  PROCEDURAL HISTORY

**A. The Original Complaint and the First Amended Complaint**

Plaintiff Miguel Duran ("Duran"), an experienced pro se litigant, and Plaintiff Michele Baxter ("Baxter" and together with Duran, the "Plaintiffs") initiated this civil action against numerous Defendants with the filing of a complaint received on June 27, 2014 [Docket No. 1].  The Plaintiffs then filed an Amended Complaint on July 8, 2015 [Docket No. 2].  In

conjunction with their filings, the Plaintiffs sought leave to proceed without prepayment of fees and submitted an Application to Proceed in District Court Without Prepaying Fees or Costs, which established that they lack the financial ability to pay the filing fee [Docket No. 1-1].  Based on the Plaintiffs' affidavit of indigence, the Court granted the application pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to open this matter and file the Amended Complaint. [Docket No. 3].

Then, pursuant to 28 U.S.C. § 1915(e)(2), the Court preliminarily screened the Amended Complaint as required and found that the Plaintiffs' allegations constituted conclusory statements that failed to meet the minimal standards of Federal Rule of Civil Procedure 8(a).  [Docket No. 3].

Rule 8(a) requires that a complaint contain:

(1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

Ultimately, this Court found that it could not make an informed assessment of the Plaintiffs' facts and that it was also often unclear against whom the allegations were made; many

2

of the allegations contained in the Plaintiffs' Amended Complaint were completely unsupported by factual averments related to the Plaintiffs.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("conclusory or 'bare-bones' allegations [are insufficient]: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'  [Plaintiff must] set out 'sufficient factual matter' to show that the claim is facially plausible.") (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

In light of these findings, on July 28, 2014, this Court dismissed the Plaintiffs' claims without prejudice and with leave to amend within twenty days of the entry of the Court's Order. [Docket No. 3].  This Court stressed, however, that the Plaintiffs should not misconstrue such leave to amend as dispensing with their obligation to state the actual facts of the alleged wrongs they suffered, if any, and to identify the actual wrongdoers, if any, personally implicated in those wrongs.  See In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 276-77 (3d Cir. 2006) (a plaintiff must assert all the essential factual background that would accompany "'the first paragraph of any newspaper story' -- that is, the 'who, what, when, where and how' of the events at issue") (citations omitted).  The Court also cautioned that the "Plaintiffs'

3

generic references to various Defendants shall not be repeated in the amended pleading, since such references cannot sustain a viable claim." [Docket No. 3 at 9].

### B. Voluntary Dismissal

Following that Order, Plaintiff Duran filed a letter with this Court asking that it "dismiss [t]his matter as [m]ay this Court deem [j]ust and proper." [Docket No. 5]. The Court dismissed the matter but noted that only Duran had made the request without Plaintiff Baxter. The Court gave Baxter an opportunity to object. [Docket No. 6]. No such objection was filed and the matter was terminated per the request on September 15, 2014.

### C. Applications to Reopen Case and File Amended Complaint

Over two months later, Duran filed a letter seeking to submit the "third amend [sic] of Complaint." [Docket No. 7]. This letter comprised thirty-six pages of various unexplained statements such as that Duran was seeking "an Injunction declaratory relief to remove the Plaintiff from the State of New Jersey with his Daughter to safety reasons after 11/14/2014." Id. at 1. Duran further stated that the materials attached to his letter demonstrated, inter alia, "stage accident could off [sic] been killed" and "Plaintiff was taken to a Jewish home with the intentions to be harm threat or killed . . . ." Id.

4

Following that submission, Duran filed a forty-seven page Motion to Reopen and "Third Amendment of Complaint." [Docket No. 8]. In this submission, Duran seeks to bring "Injunction Declaratory Relief" and "Emergency Removal." By this document, the Plaintiffs purported to bring suit against over sixty-five separate Defendants, many of whom are referred to as "unknown." The "Third Amendment of Complaint" also contained allegations against both the power company and the post office for "misconduct." It otherwise continued in a rambling and incomprehensible fashion about other alleged issues, such as Duran's contention that he was being tracked with a GPS device.

Duran then submitted an additional "Amendment of Complaint," which purported to seek "injunctive relief" for potential retaliation and "TRO . . . Emergency Removal Life and Death." [Docket No. 9]. Duran claimed his life was in danger as "this litigation might bring parties to retaliate . . . ." Id. at 2. In support of this application, Duran made statements similar to the following:

> all encounters has been with white American Caucasian Plaintiff claims that Gang members as Hell angels white supremacy and Black African American who were sent to threat and harm the Plaintiff, Plaintiff claims that people with colorful tattoos has been following him and his fiancé and after 11/14/2014 the Court must acted within there jurisdiction and authority and grant the Injunction relief to remove the Plaintiff and his family from the State of New Jersey.

5

Id. at ¶ 31 (all errors appear in the original document).

Duran's next submission fared no better. On December 18, 2014, Duran filed a forty-nine page prolix Motion to Amend, in which he referenced issues concerning a case before the Honorable Chief Judge Jerome Simandle. [Docket No. 10]. These allegations pertain to what Duran contended was a "malicious" settlement involving his previous claims against the Atlantic County Justice Facility in Civil Action No. 07-5994 (JBS). Allegations against the Atlantic City Electric Company were also repeated. See, e.g., id. at 4-5 ¶¶ 7-11. Duran also alleged that the "John Doe" CEO/Director/Supervisor of "New Jersey Blue Shield Horizon" conspired against him. Id. at 28.

A few weeks later, Duran filed a seventy-seven page submission, which contained a cover letter stating the following:

> Please accept this letter as an explanation of what's being motion filed under Section 18 Section 241, 242 and 249 With the Exhibits attach 4 cds that has evidence in the form of exhibits we believe that one copy shall be provided to the United State District Attorney Office, as the case go along the Plaintiff has 1000s of more evidence and witnesses, this is just necessary to meet the prongs of 18 Section 241, 242 and 249. Thank you for your attention and concerns.

[Docket No. 11 at 1] (all errors appear in the original document). The cited code sections are from criminal statutes and, as this is a civil matter, Duran has no standing to assert criminal actions against any Defendants in this Court. Ali v.

6

Jersey City Parking Auth., 2014 WL 1494578, at *4 (D.N.J. Apr. 16, 2014) aff'd, 594 F. App'x 730 (3d Cir. 2014). Again, the list of Defendants in this submission comprised nearly an entire single-spaced page and contained a recitation of another matter before the Honorable Judge Robert Kugler, Civil Action No. 13-7876. Many of the allegations were repetitive of his previous submissions with respect to prior litigations involving the Atlantic County Justice Facility. The submission also contained seemingly unrelated allegations against the CEO of T-Mobile and T-Mobile's "Law Enforcement Department." [Docket No. 11 at ¶ 11].

Just over a week later, Duran filed a "Motion to Reopen" that contained three separate case captions: Civil Action Nos. 14-4120 and 14-4125, which are both assigned to this Court, and Civil Action No. 13-7876, assigned to Judge Kugler. [Docket No. 12]. In Civil Action No. 13-7876, Judge Kugler denied the Plaintiffs' motion to reopen the case, finding that since Plaintiff Baxter had previously filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a), the appropriate procedure "is to require her to file a new civil action rather than reopen an action that was deemed voluntarily dismissed." Civil Action No. 13-7876, Docket No. 8 at 3 (citing Great Am. Ins. Co. of N.Y. v. Day, 2013 WL 254563, at *1 (D. Md. Jan. 22, 2013)). Judge Kugler also cautioned Baxter that, in

filing a new claim, she must "comply with the requisite joinder rules outlined above [Fed. R. Civ. P. 18 and 20] as she cannot simply 'lump' unrelated claims together in one action." Id. at 5.

The Plaintiffs' next two filings were each entitled "Application to amend amendment of complaint" and totaled 107 and 119 pages respectively. [Docket Nos. 13 & 14]. While not identical, these submissions overlap significantly. Again, Duran provided a single-spaced list of Defendants nearly two pages long and reiterated his rambling, laundry-list of disparate complaints against a wide variety of individuals and institutions including Chief Judge Simandle.

On June 30, 2015, this Court denied the Plaintiffs' motion to reopen the case for the same reasons set forth in Judge Kugler's opinion referenced above. [Docket No. 15]. Assuming that the proposed amended complaints were procedurally proper, the Court dismissed the complaints under 28 U.S.C. § 1915(e)(2), once again, for failure to meet the requirements of Rule 8(a). The Court also denied the Plaintiffs' motion to amend/correct the amended complaint without prejudice. Id.

This Court, however, cognizant of its obligation to liberally construe the pleadings of pro se litigants, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the judicial preference for adjudicating disputes on the merits, see Catanzaro v.

8

Fischer, 570 F. App'x 162, 165 (3d Cir. 2014), granted the Plaintiffs "a final opportunity to comply with this Court's directives and submit a proposed amended complaint within twenty-one (21) days of this Opinion that conforms with the dictates of Rule 8." [Docket No. 15 at 10]. The Court also ordered the Plaintiffs to comply with certain pleading parameters in order to ensure compliance with Rule 8: "More specifically, the amended complaint shall consist of no more than five (5) double-spaced pages and shall state, in separately numbered paragraphs, the claim(s) alleged with supporting facts against each specific Defendant. If Plaintiffs are unable to comply with this Order, they shall set forth their reasons in no more than two (2), double-spaced pages." Id. at 9-10.

**D. The Pending Motion for Leave to File Amended Complaint**

On July 21, 2015, in direct contravention of the Court's previous Order, Duran filed a three hundred thirty-two (332) page submission. [Docket No. 17].

The rambling submission, while significantly longer than the Plaintiffs' previous submissions, suffers from the same deficiencies previously and repeatedly identified by this Court. It contains allegations such as the following:

> Plaintiff brings Civil and Criminal Lability against Atlantic County Unknown Defendant Dennis Levinson, James Ferguson, State of New Jersey Representative, who influenced Atlantic City Electric Company either directly or indirectly have ordered Commissioners of Department of

9

> <u>Child and Family Protective Services, Commissioner Allen Blake, Burling County and Ocean County Board of Social Service Department of Human Services, Administrators, and Contractors, Law Enforcement City Local Police, has Conspired to harm and injured and attempted to kill the Plaintiff, and Kidnap His daughter, GMAD, utilizing her as a Pawn of threat; Plaintiff claims that there is a group that is operating in assisting the Government officials which 96 percent of the third parties and government officials involve are white American Caucasian, Plaintiff claims that their motives are selectivity and vindictively.</u>

[Docket No. 17-1 at 8-9][1] (underlining and errors appear in the original document). Duran then lists a series criminal statutes including "18 U.S. Code § 1113 – Attempt to commit murder or manslaughter, 18_U.S. Code § 956 [sic] – Conspiracy to kill, kidnap, maim, or injure persons or damage property . . . ," among others. <u>Id.</u> at 9.

Under the heading "Procedural History," the Plaintiffs then recount information relating to lawsuits assigned to other judges in this District, including Civil Action No. 07-5994 assigned to Chief Judge Simandle. <u>Id.</u> at 10. The Plaintiffs also allege that Plaintiff Baxter "was utilized as a Pawn of threat" by Pomona Hospital Atlantic Care, which apparently relates to Civil Action No. 13-7876 assigned to Judge Kugler. <u>Id.</u> at 12.

---

[1] The Court will refer to the pages numbers stamped at the top of each page upon the submission's electronic filing, as opposed to the haphazard page numbers used by the Plaintiffs.

The proposed amended complaint once again contains disjointed allegations against Atlantic City Electric Company, id. at 11, and allegations regarding "a stage accident". Id. at 14 ¶ 13. Duran also "claims that His Cellular Phones were utilized as device to locate the plaintiff to intimidate, retaliate, harass, inflict, threats, assaults, and attempt to kill, the Plaintiff." Id. at 14 ¶ 9 (errors appear in original document). Inexplicably, on the eighteenth page of the 332-page submission, Duran writes "CONCLUSION For the reasons identified above, the Federal Trade Commission requests that the Court grant Plaintiff's motion for leave to file the proposed amended complaint." Id. at 18. The proposed amended complaint then continues with over three hundred more pages of disorganized allegations.

Over the course of thirteen pages, alternating between single spaced lists and numbered paragraphs, Duran lists the Defendants against whom he purports to bring this lawsuit. Id. at 22-34. These Defendants include "Unknown Congress," "Black Diane," and "T-Mobile Law Department Unknown Defendants," as well as "United State District Court Clerk Brian," various state court judges, police departments, municipalities, several states' Attorneys General, "T-Mobile Unknown Law Department Unknown Third Party Unknown," and New Jersey Governor Chris Christie, among countless others. Id.

11

The Plaintiffs later demand "FDA Injunction Relief" whereby the "FDA shall compensate all shall that has been born of withdrawal from subutix and Morphine has been used, to ween the new born." Id. at 138 ¶ xviii. Duran later states that his constitutional rights are being violated because his "daughter is being held by a group of Ku Klux Klan Kidnap[.]" [Docket No. 17-2 at 16]. Duran also renews his allegations that a GPS device was used to monitor him. Id. at 39-40.

## II. ANALYSIS

### A. Rule 41(b) Dismissal

Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal is appropriate "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court[.]" Here, the Plaintiffs flagrantly disregarded the Court's previous instruction to file a proposed amended complaint that is no more than five double-spaced pages and states, in separately numbered paragraphs, the claims alleged with supporting facts against each specific Defendant. Rather than comply with this directive, or set forth the reason why they are unable to do so in two double-spaced pages, the Plaintiffs filed over three hundred pages of rambling allegations against thirteen pages worth of Defendants. The Plaintiffs chose this course of action even after being specifically warned by this Court that this was their "final

12

opportunity to comply with this Court's directives." [Docket No. 15 at 10].

In determining whether dismissal as a sanction pursuant to Rule 41(b) is warranted, courts consider six factors, known as the Poulis factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

As to the first Poulis factor, the Court finds that the Plaintiffs are personally responsible for their failure to comply with this Court's June 30, 2015 Order since they are proceeding pro se in this litigation rather than through counsel and are, therefore, directly and solely responsible for their conduct in the matter. Coley v. Bucks Cty. Children & Youth Servs. Agency, 173 F. App'x 961, 963 (3d Cir. 2006) (plaintiff "as a pro se litigant, is wholly responsible for his failure to" comply with court order); Williams v. Sullivan, 2011 WL 2119095, at *6 (D.N.J. May 20, 2011) report and recommendation adopted,

13

2011 WL 2112301 (D.N.J. May 25, 2011) aff'd, 506 F. App'x 156 (3d Cir. 2012).

The second Poulis factor does not squarely apply to this matter.  However, any future litigation based upon the Plaintiffs' proposed amended complaint would be highly prejudicial to the Defendants given the amount of time which has passed since the initial filing.  Furthermore, the conclusory, disconnected, and rambling allegations would "imped[e] [the Defendants'] ability to prepare effectively a full and complete trial strategy."  Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  This constitutes prejudice to the Defendants for purposes of the second Poulis factor.  Id.

The Plaintiffs' repeated inability to follow the Court's directives and guidance as to the pleading requirements indicates a history of dilatoriness.  The third Poulis factor is, therefore, met.

As to the fourth Poulis factor, there is no evidence presently before the Court of bad faith on the part of the Plaintiffs.  The Court, however, finds that the Plaintiffs willfully disregarded the Court's Order regarding the parameters for the proposed amended complaint.  The Plaintiffs clearly read and understood the Court's Order, given that the proposed amended complaint was filed within the twenty-one days provided

14

by the Court. The Plaintiffs apparently chose to comply with this directive, while disregarding the others.

As to the fifth <u>Poulis</u> factor, alternative sanctions would not be effective in light of this litigation's history. The Plaintiffs have filed nine complaints in this matter. Each complaint is longer and more convoluted than its predecessor. The Court has attempted to guide the Plaintiffs and inform them of the pleading requirements and yet the deficiencies persist and, perhaps, worsen. In its last Order, the Court expressed its clear intent to give the Plaintiffs a <u>final</u> opportunity to amend their complaint to comply with the pleading requirements of Rule 8 and to comply with the Court's directives. They failed to do so.

The final <u>Poulis</u> factor is the meritoriousness of the Plaintiffs' claims. As the Court has repeatedly stated, it is unable to make an informed assessment of the Plaintiffs' facts. To quote the Honorable Chief Judge Simandle, "[p]ossibly meritorious claims, if they exist, are buried within the thicket of extraneous allegations and factual background." <u>Rogers v. Morrice</u>, 2013 WL 5674349, at *5 (D.N.J. Oct. 16, 2013). The claims that this Court can make out, however, are clearly without merit. The Plaintiffs purport to bring claims under criminal statutes, for example. Such claims clearly fail because the Plaintiffs have no standing to assert criminal

15

actions against Defendants in this civil action before this Court. Ali, 2014 WL 1494578, at *4. Additionally, to the extent the Plaintiffs seek to assert civil rights claims under Section 1983 against police departments, these claims fail as "a police department is not a 'person' subject to suit under" Section 1983. Hannah v. Bridgewater Police Dep't, 2014 WL 4272859, at *2 (D.N.J. Aug. 28, 2014); accord Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989). Accordingly, to the extent it is able to comprehend the Plaintiffs' claims, the Court finds that the claims are largely meritless.

The Court is aware of its obligation to construe pro se submissions liberally and is mindful that dismissal with prejudice is an extreme sanction. Nonetheless, given that all six Poulis factors weigh against the Plaintiffs, the Court finds that denial of leave to amend with prejudice is appropriate. Williams v. Sullivan, 506 F. App'x 156, 160 (3d Cir. 2012). The Plaintiffs were also given notice by the Court that this was their final opportunity to comply.

**B. Failure to State a Claim**

Alternatively, the Plaintiffs' Motion to Amend must be denied with prejudice as futile. Although leave to amend should generally be "freely given," a district court has discretion to deny leave to amend "if it is apparent from the record that . . . the amendment would be futile." Lake v. Arnold, 232 F.3d 360,

16

373 (3d Cir. 2000). "Amendment would be futile if the amended complaint would not survive a motion to dismiss for failure to state a claim." Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 259 (3d Cir. 2014) (citing Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010)). Therefore, in determining whether an amendment is futile, this Court must apply "the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6)." Travelers, 594 F.3d at 243 (citations and modifications omitted).

This Court has previously explained to the Plaintiffs the pleading requirements of Rule 8(a) and has given the Plaintiffs ample opportunity to file amended complaints that comply with the pleading requirements. Mindful of its obligation to construe the Plaintiffs' pro se submission liberally, Erickson, 551 U.S. at 94, the Court nonetheless finds that the Plaintiffs failed to plead "a short and plain statement of the claim showing that [they] are entitled to relief" as required by Rule 8(a)(2). In fact, nothing about the proposed amended complaint is short or plain.

The Plaintiffs have filed **nine** complaints in this matter, including the proposed amended complaint that is the subject of this Opinion. This Court has liberally construed the various complaints, as it must, given the Plaintiffs' pro se status, and each is fatally deficient. The Plaintiffs are not entitled to

17

disregard the federal pleading requirements or this Court's Orders merely because they are proceeding pro se. Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010). Nine times should be more than enough. Yet the Court remains utterly unable to make an informed assessment of the Plaintiffs' facts, let alone understand against which of the innumerable Defendants the disparate allegations are asserted. The Plaintiffs' proposed amended complaint fails to meet the minimum pleading standard set forth in Rule 8. As such, the Court finds that amendment would be futile.

Additionally, the Plaintiffs were well aware that this was their "final opportunity" to amend their complaint and, yet, failed to follow the Court's explicit directives. [Docket No. 15 at 9]. The Plaintiffs' "inexplicable failure to plead in conformity with the rules, despite [several] chances to amend, supports the denial of further leave to amend." Hoffenberg v. Bumb, 446 F. App'x 394, 399 (3d Cir. 2011); accord Rhett v. New Jersey State Superior Court, 260 F. App'x 513, 515 (3d Cir. 2008) (affirming district court's dismissal with prejudice of second amended complaint for failure to comply with Rule 8(a)); Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007) ("while a Rule 8 dismissal is often without prejudice . . . , a dismissal with prejudice was warranted in this case" where complaint and appendices totaled 550 pages); Rogers, 2013 WL

18

5674349, at *5 (dismissing complaint with prejudice "[i]n light of Plaintiff's repeated failure to cure the deficiencies noted in the Court's previous Opinions and Orders, despite the Court's warnings of dismissal with prejudice, and because Plaintiff appears unwilling to amend her pleadings in accordance with the Federal Rules of Civil Procedure or this Court's Orders"). For these reasons, the Plaintiffs' motion to amend is denied with prejudice.

### III. CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Amend [Docket No. 17] is denied with prejudice. An appropriate Order shall issue on this date.[2]

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE

Dated: March 23, 2016

---

[2] This Court, ever mindful of the severity of the sanction imposed here and out of an abundance of caution, advises the Plaintiffs that, pursuant to Local Civil Rule 7.1(i), they may request that this Court reconsider its decision if it has overlooked or failed to appropriately consider the Plaintiffs' reasons for failing to comply with this Court's Order. Any such request must be made within fourteen (14) days of the entry of the accompanying Order, pursuant to Local Civil Rule 7.1(i), and shall consist of no more than five (5) double-spaced pages.

19